## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| JONATHAN EDDIE WHITAKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-47-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden BARRY GOODRICH, | : | |
| | : | |
| Respondent. | : | |

_____

### **REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's Motion to Dismiss Petitioner's application for habeas relief.[1] (ECF No. 9.) Petitioner was notified of the filing of Respondent's Motion to Dismiss on July 13, 2011 (ECF No. 11), and timely filed a response to the motion on August 17, 2011. (ECF No. 13.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed.

### **BACKGROUND**

Petitioner is once again challenging his 2005 jury trial convictions in the Superior Court of Muscogee County, for child molestation and sexual battery (ECF No. 1), both of which were appealed and affirmed by the Georgia Court of Appeals.[2] *Whitaker v. State*,

---

[1] Petitioner's pleading is entitled "Motion for 'Void Sentence' Discretionary Appeal." (ECF No. 1.) Because he seeks a determination that his underlying convictions are void, his motion is being treated as one for habeas relief pursuant to 28 U.S.C. § 2254.

[2] Petitioner Whitaker has filed two previous § 2254 petitions in this Court, which have both been dismissed prior to a review of the case on its merits. *See Whitaker v. Jackson*, No. 4:09-cv-34

293 Ga. App. 427 (2008) (*cert. dismissed*).  Petitioner sought certiorari from the Georgia Supreme Court which was denied as untimely on March 9, 2009.  On March 30, Petitioner filed his first § 2254 petition for habeas relief in this Court which was dismissed on May 5, 2009, because the Petitioner failed to pay the filing fee. *Whitaker v. Jackson,* No. 4:09-cv-34 (M.D.Ga. May 5, 2009).

The record reflects that Petitioner filed a state habeas petition in the Charlton County Superior Court on April 15, 2009, which was dismissed without prejudice for his failure to file the pleading on the proper form.  (ECF No. 12-3.)  Petitioner filed a notice of appeal of the ruling on May 27, 2009.  (ECF No. 12-9.)  Petitioner thereafter filed a second state habeas petition in the Charlton County Superior Court on June 24, 2009, which was filed under the same case number.  (ECF No. 12-5.)  Because he had a pending notice of appeal in that case, the state habeas court, albeit improperly, considered the case dismissed.  (*Id.*)

Petitioner then filed his second § 2254 petition in this Court on January 7, 2010. *Whitaker v. Jackson,* No. 4:10-cv-12 (M.D.Ga. Nov. 2, 2010).  Petitioner's application for habeas relief was denied on November 2, 2010, so that Petitioner could exhaust his available state remedies.  *Id.*  The current case was thereafter filed on May 6, 2011.

## DISCUSSION

**I.     Exhaustion of State Remedies**

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have

---

(M.D.Ga. May 5, 2009) and *Whitaker v. Jackson,* No. 4:10-cv-12 (M.D.Ga. Nov. 2, 2010).

2

been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Picard v. Conner*, 404 U.S. 270, 275 (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

## II.  Petitioner's Claims are Unexhausted

In his latest pleading, Petitioner asks this Court to adjudicate the merits of his claims for relief. (ECF No. 1). Nowhere, however, does Petitioner mention any state habeas petition having been filed or ruled upon since the last order dismissing his petition due to his failure to exhaust his state remedies.

As stated above, this court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies unless the Respondent waives the exhaustion requirement. In this case, the Respondent has not waived the exhaustion requirement. Petitioner's application,

therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies.[3]

## III. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied. Any motion to proceed *in forma pauperis* on appeal should also be denied.

## CONCLUSION

THEREFORE, IT IS RECOMMENDED that Petitioner's action be DISMISSED for his failure to exhaust available state remedies. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this

---

[3] The Court notes that Petitioner has now paid the $5.00 filing fee in two separate cases wherein the Court has had to dismiss his petitions before a review of the merits could be had.

recommendation.

    SO RECOMMENDED, this 14th day of October, 2011.

                                        S/Stephen Hyles
                                        UNITED STATES MAGISTRATE JUDGE